687 F.2d 214
 Sible J. FREEMAN, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent,
and
Old Ben Coal Company, Intervenor-Respondent.
 No. 81-2180.
 United States Court of Appeals,
Seventh Circuit.
 Argued March 30, 1982.
Decided Aug. 27, 1982.
 
 Harold B. Culley, Jr., West Frankfort, Ill., for petitioner.
 Elaine D. Kaplan, U. S. Dept. of Labor, Washington, D. C., for respondent.
 Robert J. Araujo, Chicago, Ill., for intervenor-respondent.
 Before BAUER, Circuit Judge, NICHOLS, Associate Judge,* and WOOD, Circuit Judge.
 BAUER, Circuit Judge.
 
 
 1
 On December 27, 1978, an administrative law judge (ALJ) awarded black lung survivor benefits to Sible J. Freeman, the widow of a deceased coal miner. Old Ben Coal Company and Standard Oil Company (collectively Old Ben), the responsible operator and insurer, appealed to the Benefits Review Board (Board), which reversed the ALJ's decision and denied Freeman's benefits. Freeman now petitions this court for review. We affirm.
 
 
 2
 * The structure and evolution of Title IV of the Federal Coal Mine Health and Safety Act of 1969 (FCMHSA), as amended through 1977, are set out in our companion opinion in Underhill v. Peabody Coal Co., 687 F.2d 217, 218-220 (7th Cir. 1982). Of importance to this appeal, which concerns a "Part C claim" as described in Underhill, are two amendments to the FCMHSA not discussed in Underhill. First, pursuant to section 2(c) of the Black Lung Benefits Reform Act of 1977, Pub.L.No. 95-239, 92 Stat. 95, section 402(f)(1)(B) of Title IV, 30 U.S.C. § 902(f)(1)(B), was amended to provide that coal mine employment at death is not conclusive evidence that a deceased miner was not totally disabled.[1] Second, section 3(a)(3) of the 1977 legislation added section 411(c)(5), 30 U.S.C. § 921(c)(5),[2] which states that eligible survivors of a deceased miner are entitled to benefits upon demonstrating that the miner was employed at least 25 years in the nation's coal mines before June 30, 1971, and that the miner's death occurred on or before the effective date of the 1977 amendments. The miner's survivors are not entitled to such benefits, however, if it is shown that the miner was neither partially nor totally disabled by pneumoconiosis at death.[3]
 
 
 3
 Subsection (d), 20 C.F.R. § 727.204(d), establishes limits upon the evidence which is sufficient to rebut the section 411(c)(5) presumption. The regulation states that the following evidence "alone" is insufficient for rebuttal purposes: (1) evidence that a deceased miner was employed in a coal mine at death; (2) evidence pertaining to a deceased miner's level of earnings prior to death; (3) a chest x-ray interpreted as negative for the existence of pneumoconiosis; (4) a death certificate which fails to mention pneumoconiosis. This appeal concerns the application of 20 C.F.R. § 727.204(d).
 
 II
 
 4
 Sible Freeman's late husband worked as a coal miner for more than 30 years before his employment with Old Ben. After Old Ben hired him, Mr. Freeman served as a mine examiner for eight years up to his death in 1975. Mr. Freeman was never disabled during his lifetime, nor was his death due to pneumoconiosis.[4] He was not absent from work during normal work days, suffered no decrease in his level of earnings prior to death, and even worked substantial amounts of overtime the week before his death. In fact, Mr. Freeman worked a full shift as a mine examiner the day before he died.
 
 
 5
 The ALJ concluded that Mr. Freeman's mining employment history of more than 25 years prior to June 30, 1971, entitled his widow to invoke the pneumoconiosis presumption created by section 411(c)(5). Although Old Ben offered evidence in rebuttal, the ALJ ruled that Old Ben had "failed to establish that the deceased miner 'was not during the latter years of his career disabled by pneumoconiosis from engaging in work which was comparable to the most arduous employment in which he engaged with some regularity and over a substantial period of time during his career as a coal miner.' " The ALJ therefore awarded benefits to Freeman's widow.
 
 
 6
 In its appeal to the Board, Old Ben did not dispute the propriety of invoking the section 411(c)(5) presumption. Instead, Old Ben, along with the Director of Workers' Compensation Programs (Director), argued that the "most arduous work" test was legally incorrect and that the deceased miner's disability, if any, should have been measured against his ability to perform the duties of a mine examiner, the only job he performed for Old Ben. Old Ben and the Director also argued that under 20 C.F.R. § 727.204(d) the evidence of record was sufficient to rebut the pneumoconiosis presumption.
 
 
 7
 The Board agreed that a finding of total or partial disability depends upon whether the miner has reduced ability to perform his last coal mine job held regularly over a substantial period of time, not his most arduous job. The Board also considered 20 C.F.R. § 727.204(d) and held that evidence satisfying more than one of the four criteria listed in that regulation was sufficient to rebut the section 411(c)(5) presumption. After reviewing the evidence introduced by Old Ben, the Board concluded that the pneumoconiosis presumption had been rebutted. Accordingly, Freeman's benefits were denied. This appeal followed.
 
 III
 
 8
 On appeal, Freeman does not challenge the Board's invalidation of the "most arduous work" theory. Rather, it is her position that the pneumoconiosis presumption was not rebutted because Old Ben failed to introduce sufficient evidence. Specifically, she contends that the Board misconstrued the meaning of 20 C.F.R. § 727.204(d) and, therefore, applied that regulation incorrectly.
 
 
 9
 Stated more narrowly, the issue in this case is whether the word "alone" appearing in 20 C.F.R. § 727.204(d) was interpreted properly by the Board. Freeman urges us to read "alone" as requiring some evidence beyond the four types listed in section 727.204(d). Old Ben and the Director, on the other hand, contend that "alone" means that evidence meeting only one of the four regulatory criteria is insufficient, but that proof of two or more of the four subsections rebuts the presumption. We agree with the view taken by Old Ben and the Director.
 
 
 10
 Congress' authorization for the four factors found in section 727.204(d) seems clear. The first one results from the Congressional mandate in section 402(f) (1)(B)(i), 30 U.S.C. § 902(f)(1)(B)(i), which directs the Secretary of Labor to provide in the total disability regulations that mine employment at death shall not be conclusive evidence that a miner was not totally disabled. The second criterion, which refers to the miner's level of earnings, suggests the same concern as the first, that continued work activity by itself should not preclude a finding of disability. The third item tracks the language of section 413(b), 30 U.S.C. § 923(b), which prohibits the denial of benefits solely on the basis of negative chest x-rays. Finally, subsection four's limitation on the use of certain death certificates is based on the legislative history of section 411(c)(5), parts of which indicate Congressional concern that such certificates might possibly attribute death to an immediate cause such as heart failure, rather than to the underlying cause of pneumoconiosis. See S.Rep.No. 95-209, 95th Cong. 1st Sess. 11 (1977).
 
 
 11
 While it is obvious that the Secretary was acting within the scope of his authority in promulgating section 727.204(d), his intent in placing the word "alone" in that regulation remains ambiguous.[5] Some guidance, however, is supplied by the permanent criteria's rebuttal provision, codified at 20 C.F.R. § 718.306(d). When first issued in a notice of proposed rulemaking, the text of section 718.306(d) was identical to that of section 727.204(d). See 43 Fed.Reg. 17727 (1978). When finally adopted, however, section 718.306(d) provided that "(n)one of the following items, by itself, shall be sufficient to rebut the presumption." (Emphasis added.) This language modification suggests a clarification of existing policy rather than a change in direction, in light of the following discussion of the proposed regulation by the Secretary:
 
 
 12
 The Department recognizes that each of the four items listed in subsection (d) may be relevant to a rebuttal of the 25-year presumption, and it is not the intent of this regulation to exclude any of these items or to prohibit the adjudication officer from considering them. Rather, the regulation provides that none of the items listed may, by itself, rebut the presumption and the language of subsection (d) has been changed to more clearly reflect this intent. This change is not intended to suggest that the submission of more than one of the items listed necessarily rebuts the presumption.
 
 
 13
 45 Fed.Reg. 13693 (1980).
 
 
 14
 We believe the interim rebuttal standard in section 727.204(d) should be interpreted in the same manner as its permanent counterpart. Our understanding of the four factors enumerated in section 727.204(d) is that each has some probative force, not that each should be disregarded as unreliable under all circumstances. By limiting the use of the criteria listed in the regulation, Congress was merely recognizing that claimants should not be easily defeated by a single piece of evidence. In our view, the presence of more than one of these factors tends to indicate the absence of reduced work ability.
 
 
 15
 The evidence before the ALJ and the Board demonstrated that three of section 727.204(d)'s four factors were present. Mr. Freeman clearly was employed at death, having worked the day before he died. In addition, his tax returns indicated that his level of earnings had increased for the two years prior to his death. Finally, Mr. Freeman's death certificate did not list coal workers' pneumoconiosis as a cause of death. The section 411(c)(5) presumption was therefore rebutted.
 
 IV
 
 16
 For the foregoing reasons, the Board's decision is
 
 
 17
 AFFIRMED.
 
 
 
 *
 The Honorable Philip Nichols, Associate Judge of the United States Court of Claims, is sitting by designation
 
 
 [1]
 Section 402(f)(1)(B) is implemented by 20 C.F.R. § 727.205 (1980)
 
 
 [2]
 30 U.S.C. § 921(c)(5) reads:
 In the case of a miner who dies on or before the date of the enactment of the Black Lung Benefits Reform Act of 1977 (March 1, 1978) who was employed for 25 years or more in one or more coal mines before June 30, 1971, the eligible survivors of such miner shall be entitled to the payment of benefits, at the rate applicable under section 412(a)(2), unless it is established that at the time of his or her death such miner was not partially or totally disabled due to pneumoconiosis. Eligible survivors shall, upon request by the Secretary, furnish such evidence as is available with respect to the health of the miner at the time of his or her death.
 
 
 [3]
 Section 411(c)(5) is implemented by 20 C.F.R. § 727.204 (1980)
 
 
 [4]
 Mr. Freeman died as a result of a massive coronary infarction due to, or as a consequence of, hypertensive arteriosclerotic cardiovascular disease, previous myocardial infarction, and diabetes mellitus. His death certificate did not mention pneumoconiosis
 
 
 [5]
 A Board reference book, "The Black Lung Desk Book," at XII-16 (1979), notes "that (s)ection 727.204(d) excludes four types of evidence as proof of the absence of total or partial disability." This statement sheds no light on the question of whether subsection (d)'s classifications are to be excluded individually or collectively